CASE 118—ACTION BY CITY OF LOUISVILLE AGAINST BENNETT H.
YOUNG, AS EXR. OF STUART ROBINSON, DECEASED AND OTHERS ON
TAX BILLS.—FEB. 23.

# City of Louisville v. Robinson's Exr. &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHY. DIV. NO. 1—SHACKEL-
FORD MILLER, JUDGE.

FROM THE JUDGMENT PLAINTIFF APPEALS. REVERSED.

TAXES—SUITS TO COLLECT—ENFORCEMENT AGAINST FIDUCIARY—LIM-
ITATIONS.

1. Under Kentucky Statutes, 1903, section 3003, providing that every
fiduciary appointed under the laws, who has the management
of lands in a city of the first class, shall pay the city taxes, and
in default shall be liable for the taxes to the amount of the
income from the lands which he might have applied to its pay-
ment; and section 3005, providing that in suits to recover taxes
the city shall obtain a personal judgment against the person
assessed, a personal judgment may be rendered against an ex-
ecutor in a suit to enforce the payment of tax bills on the lands
of his decedent, the rents and profits of which the executor
has collected.

2. A city, in 1900, instituted suit for a personal judgment against
an executor for taxes assessed for 1896 against the land of his
decedent under Kentucky Statutes, 1903, sections 3003, 3005. In
1902 a supplemental petition was filed against the executor and
all other parties interested. The added parties and the execu-
tor then pleaded five-year limitations, whereupon the city filed
an amended pleading, alleging that the executor had collected
the rents and income from the property and enjoyed the profits
thereof, and had not settled his accounts. HELD, that the plea
of limitations was properly sustained as to the defendants other
than the executor, but as to him limitations had not run, as
the amendments filed in 1902 did not introduce a new cause of

City of Louisville v. Robinson's Exr., &c.

action against him, but merely stated additional reasons to those stated in the original petition, which stopped the running of limitations, why he should be compelled to pay the taxes.

H. L. STONE, ATTORNEY FOR APPELLANT.

1. The court's attention is called to the fact that in the petition on the tax bills for the year 1896 there is a specific prayer for a personal judgment against the party assessed, that is to say, the appellee Bennett H. Young, executor under the will of Stuart Robinson, deceased. Not only so, but this prayer is broad enough after answer filed to afford the appellant all equitable relief to which it was entitled.

2. Here it will be observed the personal liability is imposed upon the fiduciary by the statute for the taxes on "lands and improvements" of which he has the management, or who enjoys the rents, income and profits of lands and improvements by occupying same, and it is made his duty to pay such taxes before September 15th of each year, before applying or paying the same to the beneficiaries, and in default of so doing he becomes personally liable, which liability may be enforced in equitable proceedings.

3. It is submitted that while the defendants other than the original defendant, Bennett H. Young, executor of Stuart Robinson, deceased, may successfully rely on the plea of limitation of five years as to the taxes of 1896, he can not do so, as a personal judgment has been sought against him from the commencement of these actions upon all the taxes sued on, including those for 1896.

4. The plea of limitation by appellee, Bennett H. Young, as an individual, against the tax bill for the year 1896 is not a good plea by him as executor under the will of Stuart Robinson, deceased, he having been sued in that capacity on the tax bill for the year 1896 in time, to-wit, August 8, 1900.

LANE & HARRISON, ATTORNEYS FOR APPELLEE.

1. The cause of action for the taxes assessed and levied by the city of Louisville on the lands in question for the year 1896 accrued to the city of Louisville on the 20th day of August (City of Louisville v. Johnson, 95 Ky., 260), and consequently each and all the persons made defendants to the action by the amended petition filed April 19, 1902, interposed as their defense to the same the statute of five years limitation. · This defense is and was a perfect and complete one. City of Louis-

ville v. Kohnhorst, 25 R., 532; Jaick v. Sullivan, 30 S. W., 890; Miller v. McIntyre, 6 Peters, 61; Shaw v. Cock, 78 N. Y., 194; Brown v. Goldsby, 30 Miss., 437; Clark v. Manning, 95 Ill., 580; Dunphy v. Riddle, 86 Ill., 22; People v. Judge, 27 Mich., 140; Bowen v. Thomas, 69 Ga., 27; Gill v. Young, 88 N. C., 58.

2. As executor, B. H. Young had no interest in, ownership of, right or title to, or possession of these lands—he was invested with no power over them and charged with the performance of no duty with respect to them. The taxes sought to be enforced for the fiscal year ending August 31, 1896, was not a liability of the estate represented by B. H. Young, nor levied nor imposed upon the lands which belonged to B. H. Young in his capacity as executor, and, therefore, he would not have been justified in using the money, property or estate represented by him in the payment of taxes assessed and levied after the death of his testator, and on lands belonging to the devisees named in the will of Stuart Robinson, the rents, revenues and possession of which belonged to the devisees. Moody v. Hemphill, 71 Ala., 172; Phelps v. Funkhausen, 39 Ill., 401; Stone v. Wood, 16 Ill., 177; Henderson v. Whittenger, 56 Ind., 131; Motier, 7 Mo. App., 514.

OPINION OF THE COURT BY JUDGE NUNN—REVERSING.

This appeal is from a judgment of the Jefferson chancery court, first division, refusing to give appellant judgment on tax bills for the year 1896 against appellee executor. This action was instituted on the 8th of August, 1900, by which it was sought to recover taxes not only for the year named, but also for the years 1898, 1899, and 1900. A personal judgment was prayed for against the personal representative of Robinson, deceased, and for all other equitable relief. On the 19th day of April, 1902, the appellant filed an amended and supplemental petition against the executor and all other parties interested in the property described in the original petition. The appellees, on July 15, 1902, filed their answer, and stated that the executor of Robinson, deceased, did not own or have any interest in the property taxed, and sought to be subjected to the payment thereof by this action, and pleaded that more than five years had elapsed after the ac-

crual of the cause of action for the taxes due for the year
1896 before the amended petition was filed in 1902. The
executor also pleaded the statutes of limitations. The ap-
pellant filed an amended pleading, by which it sought to
avoid the effect of the plea of the statutes of limitations
by the executor, and alleged that he, prior to the year 1895,
and ever since that date, had collected the rents and income
from the property described in the petition, and that he had
enjoyed the profits thereof and the occupancy of same. That
he had never made any settlement of his accounts as execu-
tor of the estate of Robinson, deceased. This seems not to
have been controverted. The lower court rendered a person-
al judgment against the executor for the taxes for all the
years sued for, except the taxes for the year 1896, and the
court disposed of the plea of limitations in the following
words: "It is further adjudged that for the sum of $485.99
for the taxes for the year 1896 and the interest thereon as
aforesaid the plaintiff's action thereon as against all of the
defendants except the defendant Bennett H. Young, execu-
tor under the will of Stuart Robinson, deceased, is barred
by the statutes of limitations, but the plaintiff, for said sum
for the taxes for the year 1896, and the interest thereon, as
aforesaid, has no lien on the right, title, and interest of Ben-
nett H. Young, executor of Stuart Robinson, deceased, which
he has or had in that capacity at the institution of this ac-
tion thereon against him as such executor August 8, 1900."
It appears that the lower court did not sustain the execu-
tor's plea of limitations, but refused any judgment against
him for the taxes. The court was right in failing to sustain
his plea, but erred in refusing to render a judgment against
him for the taxes for the year 1896. It appears from sections
3003 and 3005 of the Kentucky Statutes of 1903 that when
an owner of property, or any trustee, personal representa-

tive, or agent is sued for taxes, not only a lien may be enforced on the property, but a personal judgment may be rendered under either section against the owner of the property or against the trustee, personal representative, or agent in his fiduciary capacity. It will be observed, by reference to the sections of the statutes *supra*, that a personal liability is imposed upon the fiduciary, by the statutes, for the taxes on lands and improvements of which he has the management, or who enjoys the rents, income, and profits of lands and improvements by occupying the same, and it is made his duty to pay such taxes before September 15th of each year, before applying or paying the same to the beneficiaries, and in default of so doing he becomes personally liable, which liability may be enforced in equitable proceedings. The court properly sustained the plea of the statutes of limitations as to the defendants other than the executor, but should have rendered a judgment against him for taxes for the year 1896, as proceedings were instituted and a personal judgment sought against him, as such executor, from the inception of the action.

The appellee contends that the action of the lower court in relieving the executor from the payment of the taxes for the year 1896 was based upon the ground that the appellant's amendment filed in 1902 was, in effect, an abandonment of its first cause of action; that his first cause was based upon section 3005 of the statutes, and by this amendment a new and another action was instituted under the provisions of section 3003, and that his plea of the statutes of limitations should have been sustained. We are unable to agree with the contention of the appellee in this. The cause of action was the same from the beginning, to-wit, the recovery of the taxes for 1896; and a personal judgment was at all times sought against him as such executor, which

both of the sections of the statutes *supra* authorized, and the amendment only stated additional or other reasons why he should be compelled to pay the taxes—statutory as well as equitable reasons.

Wherefore the judgment of the lower court is reversed, and the cause remanded for further proceedings consistent herewith.